# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SELERY FULFILLMENT, INC. § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:20-cv-853 |
| § | Judge Mazzant |
| v. § | |
| § | |
| COLONY INSURANCE COMPANY, § | |
| BURNS & WILCOX OF TEXAS, INC. § | |
| N/K/A B&W INSURANCE GROUP, § | |
| L.P., D/B/A BURNS & WILCOX § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Selery Fulfillment, Inc.'s ("SFI") Motion for Remand (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that it should be denied.

## BACKGROUND

SFI is a company that provides services for eCommerce businesses through warehousing and personalized order fulfillment. Colony Insurance Company ("Colony") issued a commercial policy numbered 101 CP 0161431-00 ("Policy") to SFI covering November 21, 2019, to November 21, 2020, for the property located at 1809 Frankford Road, Carrollton, Texas 75007 ("Insured Premises"). In the Spring of 2020, coronavirus made its way across the country leading to stay-at-home orders and the closures of many businesses. SFI claims that not only was its business adversely affected by coronavirus, but also that its business losses are covered under the insurance policy Colony issued (Dkt. #2 ¶¶ 27–33, 41). SFI asserts it submitted a claim to Colony, which Colony summarily denied on June 5, 2020 (Dkt. #2 ¶ 43). SFI claims Colony's denial of the

claim without conducting any investigation is a violation of its duties under the Policy and under the Texas Insurance Code.

SFI originally filed this suit in the 16th Judicial District Court, Denton County, alleging breach of contract, violation of the Texas Insurance Code § 541.060, breach of the duty of good faith and fair dealing, and a declaratory judgment determining: (1) the damage to the Insured Premises by the Coronavirus; (2) business income loss and extra expenses resulting from the interruption of SFI's operation due to the damage to the Insured Premises by the Coronavirus; and (3) the business income loss and extra expenses SFI sustained as result of SFI's inability to access and use the Insured Premises due to executive orders and other actions taken by civil authorities. SFI also seeks costs and attorney's fees under the Texas Civil Practice and Remedies Code.

On October 30, 2020, Colony filed a notice of removal asserting the Court has diversity jurisdiction over the suit because Burns & Wilcox of Texas, Inc., ("Burns & Wilcox")—a non-diverse defendant—was improperly joined (Dkt. #1). On November 13, 2020, SFI filed this Motion to Remand (Dkt. #5), and on December 11, 2020, Colony filed its Response in opposition to the Motion to Remand (Dkt. #10).

## LEGAL STANDARD

"Federal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). As such, district courts are duty-bound "to ensure the existence of subject matter jurisdiction before reaching the merits of a case." *Small v. Zarvona Energy LLC*, No. CV H-20-

1572, 2020 WL 2771188, at *1 (S.D. Tex. May 28, 2020); *see Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) ("In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction."). Courts "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, 'the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Humphrey*, 2014 WL 12687831, at *2 (brackets omitted) (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS[1]

### I.  Improper Joinder

It is undisputed that SFI—a corporation organized under the laws of Delaware with its principal place of business in Texas—and Colony—a corporation organized under the laws of Virginia with its principal place of business in Virginia—have diversity of citizenship (*see* Dkt. #1 at pp. 1–2; Dkt. #2 ¶¶ 5–6). Accordingly, Colony invoked the Court's diversity jurisdiction to remove this action to federal court (Dkt. #1 at pp. 3–4). In doing so, Colony asserted that the *proper* parties are completely diverse and thus Burns & Wilcox could not be considered for diversity purposes because it is improperly joined to the action (Dkt. #1 at pp. 2–5). In response, SFI moved to remand the case, claiming that Burns & Wilcox is properly joined and diversity of citizenship

---

[1] On January 8, 2021, Colony filed an Opposed Motion for Leave to File Supplemental Authority (Dkt. #15). The Court is aware of the authority cited; however, the authority does not change the outcome of the disposition.

is, therefore, lacking (*see* Dkt. #5 at p. 4). The Court turns now to this issue to determine if subject matter jurisdiction exists.

A defendant may remove a civil action from state court to a federal district court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *accord Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Congress grants federal courts original jurisdiction over civil actions in which diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity statute requires parties "to allege 'complete diversity.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)); *see Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975) ("While the rule of complete diversity is not of constitutional dimensions, the established judicial construction of the general diversity statute requires complete diversity." (citation omitted)). Parties are completely diverse when "*each* defendant is a citizen of a different State [than] *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Courts only consider the citizenship of "real and substantial parties" to the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citing *McNutt v. Bland*, 43 U.S. (2 How.) 9, 15 (1844)); *see SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 939–40 (5th Cir. 2018). Courts determine this jurisdictional question "by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990); *see Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction.").

Relatedly, Congress prohibits district courts from "exercising jurisdiction over a suit in

which any party . . . has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (citing 28 U.S.C. § 1359). If a party is "improperly joined,"[2] then that party is not considered "real and substantial" for purposes of the action. Accordingly, courts "may disregard the [improperly joined] party's citizenship" when analyzing a motion for remand. *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

A party seeking removal based on improper joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)); *see Smallwood*, 385 F.3d at 577 (explaining that the defendant must demonstrate "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant" for a court to find improper joinder). "In deciding whether a party was improperly joined," courts "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). If "any doubt about the propriety of removal" remains, the ultimate resolution must favor remand.

---

[2] In the past, courts used the term "fraudulent joinder," not "improper joinder." *See, e.g.*, *In re Norplant Contraceptive Products Liab. Litig.*, 889 F. Supp. 271, 274 (E.D. Tex. 1995). The Fifth Circuit has made clear that these phrases are substantively identical. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 n.1 (5th Cir. 2019).

*Gasch*, 491 F.3d at 281–82.

> In cases like the one currently before the Court,
>
> to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should "conduct a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quoting *Smallwood*, 385 F.3d at 573). The Court now proceeds with its 12(b)(6) analysis of SFI's claims against Burns & Wilcox to determine whether Burns & Wilcox is improperly joined.[3]

Because *Smallwood* is "*the* authoritative source of [the Fifth Circuit's] improper-joinder analysis" and requires courts to use the "12(b)(6)–type analysis," the Court "appl[ies] the federal pleading standard embodied in that analysis." *See id.* at 207–08. The Federal Rules of Civil Procedure require each claim in a complaint to include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must also include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Highland Capital Mgmt., L.P. v. Bank of Am., Nat. Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When a plaintiff's complaint fails to state a claim upon which relief can be granted, an opposing party may move for dismissal of the action. FED. R. CIV. P. 12(b)(6).

---

[3] When a "plaintiff's complaint 'misstate[s] or omit[s] discrete facts that would determine the propriety of joinder,' . . . court[s] may instead 'pierce the pleadings and conduct a summary inquiry.'" *Flagg*, 819 F.3d at 136 (quoting *Smallwood*, 385 F.3d at 573). The Court declines to do so here. *See Angelina's Mexican Rest. v. Allied Ins. Co. of Am.*, 4:20-CV-278, 2020 WL 4001864, at *3 n.3 (E.D. Tex. July 15, 2020) ("This decision is entirely within the Court's discretion.").

Appropriate consideration of a 12(b)(6) motion requires all well-pleaded facts in the complaint to be accepted as true and viewed in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). Courts are limited in their review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Determining whether the complaint states a claim for relief that is plausible on its face is the next step. A facially plausible claim "exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). But if the well-pleaded facts preclude the Court from "infer[ring] more than the mere possibility of misconduct," then the complaint has not shown that the pleader is entitled to relief. *Huawei Techs. USA, Inc. v. United States*, 440 F. Supp. 3d 607, 627 (E.D. Tex. 2020) (internal quotations marks omitted) (quoting *Iqbal*, 556 U.S. at 679).

In *Iqbal*, the Supreme Court established a two-step approach for assessing a complaint's sufficiency in the 12(b)(6) context. First, courts should identify and disregard conclusory allegations because they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, courts "consider the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Conducting a 12(b)(6) analysis is a contextual endeavor, and the Court "is entitled to 'draw on its judicial experience and common sense.'" *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953

F.3d 339, 348 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679). For a complaint "[t]o survive a motion to dismiss, [it] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 570).

After consideration of SFI's claims against Burns & Wilcox, the Court is unconvinced that the claims survive 12(b)(6) scrutiny. SFI asserts claims for breach of contract, violation of the Texas Insurance Code § 541.060, breach of the duty of good faith and fair dealing, and a declaratory judgment determining: (l) the damage to the Insured Premises by the Coronavirus; (2) business income loss and extra expenses resulting from the interruption of SFI's operation due to the damage to the Insured Premises by the Coronavirus; and (3) the business income loss and extra expenses SFI sustained as result of SFI's inability to access and use the Insured Premises due to executive orders and other actions taken by civil authorities against Colony and Burns & Wilcox.

To support those claims, SFI only generally stated it obtained insurance coverage from both defendants in a heading at the beginning of the facts section on the third page of its state court complaint (Dkt. #2 at p. 2). SFI only makes passing references to Burns & Wilcox throughout the rest of the complaint by generally alleging wrongdoing by the "defendants" collectively. SFI does specifically state "Colony breached its contract with Plaintiff by denying coverage and denying Plaintiff's claim[]" (Dkt. #2 ¶ 48), "Colony misrepresented material fact and policy provision relating to the coverage at issue in violation of Tex. Ins. Code §541.060(a)(l)[]" (Dkt. #2 ¶ 52), Colony failed at all material times to effectuate prompt, fair and equitable settlement of Plaintiff" claim, after its lability had become reasonably clear, in violation of Tex. Ins. Code 541.060(a)(2)(4)[]" (Dkt. #2 ¶ 53), "Colony violated Tex. Ins. Code §541 .060(a)(7) by refusing to pay SFI's claim Without conducting reasonable investigation or any analysis with respect to the

claim[]" (Dkt. #2 ¶ 54), "Colony owes Plaintiff duty of good faith and fair dealing in connection with the investigation and resolution of claims under the Policy[]" (Dkt. #2 ¶ 58), and "Colony violated and continues to violate its duty of good faith and fair dealing by denying liability to Plaintiff under the Policy and continuing to refuse to pay Plaintiff the sums due and owing to Plaintiff under the policy[]" (Dkt. #2 ¶ 61). Notably missing from this string of allegations is any mention of specific wrongdoing by Burns & Wilcox.

At most, SFI mentions the "defendants" collectively throughout the state court complaint. Such allegations, however, are boilerplate and not specific to Burns & Wilcox. SFI's references to the defendants collectively only provide broad allegations such as "[a]t all times herein, Defendants acted by and through their duly authorized agents and servants, each acting within the course and scope of his employment" (Dkt. #2 ¶ 8), stating the SFI had a "policy [] issued by Defendants" (Dkt. #2 ¶ 33), and "Defendants owe Plaintiff compensation" (Dkt. #2 ¶ 41). These are boilerplate legal allegations without factual support with regards to Burns & Wilcox.

Having determined that SFI failed to allege sufficient factual matter to state a facially plausible claim against Burns & Wilcox, the Court finds Burns & Wilcox improperly joined to the action. As a result, the only "real and substantial" parties—SFI and Colony—are completely diverse, and the Court has diversity jurisdiction over this action.

II. **Burns & Wilcox's Consent was not Required.**

In its Motion to Remand, SFI also states the removal was deficient as it did not comply with 28 U.S.C. 1446(b)(2)(A) because Burns & Wilcox did not consent to the removal (Dkt. #5 at p. 5). 28 U.S.C. 1446(b)(2)(A) states "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the

removal of the action." 28 U.S.C. 1446(b)(2)(A). SFI argues that because Burns & Wilcox consent was not given for the removal that the removal was improper. SFI's argument, however, is flawed.

Under the language of 28 U.S.C. 1446(b)(2)(A), consent is only needed from defendants that are "properly joined and served." 28 U.S.C. 1446(b)(2)(A). The Fifth Circuit has provided some guidance on this stating

> as a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.

*Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). In *Breitling v. LNV Corp.*, the Northern District of Texas echoed *Jernigan* and stated "where fraudulent or improper joinder is applicable, an allegedly improperly joined defendant need not join in or consent to removal, and the removing 'defendant need not explain the absence of consent.'" *Breitling v. LNV Corp.,* 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (citing *Jernigan*, 989 F.3d at 815). Based on the Court's analysis above, Burns & Wilcox is an improperly joined defendant, and thus its consent was not required for removal.

## CONCLUSION

It is therefore **ORDERED** that SFI's Motion for Remand (Dkt. #5) is **DENIED**.

It is further **ORDERED** Burns & Wilcox is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**
**SIGNED this 11th day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE